IN THE SIXTH JUDICIAL CIRCUIT COURT IN AND FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL NO. 09-11605-CI-19

NANCY CUTHBERTSON,

    Plaintiff,

vs.

YUM! BRANDS, INC., dba TACO BELL,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Nancy Cuthbertson, and sues the Defendant, Yum! Brands, Inc., dba Taco Bell, and says:

### COUNT I

1. This is an action for damages which exceed the sum of $15,000.00.

2. That at all times material hereto Plaintiff was a resident of Pinellas County, Florida.

3. That at all times material hereto the Defendant, Yum! Brands, Inc., was a foreign corporation doing business as Taco Bell, was authorized to do business in the State of Florida and had offices, agents in/or conducted business in Pinellas County, Florida, and had ownership, custody and/or control of a building located at 4599 Park Boulevard North, Pinellas Park, Pinellas County, Florida.

4. That on or about October 5, 2007, Plaintiff was a business invitee at the Defendant's business premises when, as she was walking out of Defendant's restroom around boxes that were stacked in the hall, she slipped on a greasy and/or wet substance that was on the floor.

5. Defendant owed a duty to Plaintiff, and others similarly situated, to maintain the premises in a reasonably safe manner, and breached said duty.

6. Defendant negligently maintained the area where the incident occurred in the following manner:

    a) By allowing a greasy and/or wet substance to collect on the floor.

    b) By stacking boxes in the area around the restroom causing Plaintiff to have to walk through the greasy and/or wet area.

    c) That Defendant knew or should have known of the negligent condition.

    e) By failing to warn Plaintiff and others who would be in and around the area of the hazardous condition.

    f) Defendant recognized the hazardous condition and failed to remedy said condition prior to Plaintiff slipping in said greasy and/or wet substance.

    g) By not properly and completely mopping, removing the greasy and/or wet substance, and drying the floor before allowing Plaintiff into the area.

    h) By doing the above singularly or in concert.

7. The negligent condition was known to Defendant and/or had existed for a sufficient length of time so that Defendant should have known of it.

8. The negligent condition was not open and obvious to Plaintiff.

9. That as a direct and proximate result of the foregoing negligence, Plaintiff suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The injuries sustained by Plaintiff are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant and requests trial by jury on all issues.

*[signature]*

John H. Thompson, IV, Esq.
JOHN H. THOMPSON, IV, P.A.
P.O. Box 13188
St. Petersburg, FL 33733-3188
(727) 327-1180
FBN 0221775/SPN 00261883
Attorneys for Plaintiff

- 3 -